State ex rel Barthet vs Judge.

No. 9518.

THE STATE EX REL. LOUIS BARTHET ET AL. VS. W. T. HOUSTON, JUDGE, ETC.

The inferior court, whose judgment is appealed from, retains jurisdiction to determine primarily the character and effect of the appeal taken.

A suspensive appeal taken from an order dissolving on bond an injunction issued to prevent the commission of acts which, if done, would cause an irreparable injury, places matters in the condition in which they stood before the motion to bond was made, and in which they would have continued, had not such motion been filed. In other words : the effect of the appeal was to maintain the injunction in force. 33 Ann. 438, affirmed. The district judge had authority to find and to punish transgressors for contempt.

APPLICATION for Habeas Corpus.

*B. R. Forman* and *E. H. McCaleb* for the Relators.

*E. D. White* for the Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The relators complain that they have been illegally committed for contempt, by the district court and, alleging rights to a *habeas corpus,* want of jurisdiction in said court and usurpation of authority by it, they seek to be released from custody. They had prayed for temporary relief which was not allowed.

The district judge elaborately returns that he had jurisdiction and properly exercised it.

The record shows that certain parties obtained an injunction to prevent the defendants from doing acts which, if committed, would cause irreparable injury.

Shortly after, the defendants obtained a dissolution on bond, the order being made by a district judge sitting in the absence of the one who had allowed the injunction. Subsequently, within the legal delay, the latter judge having resumed his functions, the plaintiffs in injunction obtained and perfected a suspensive appeal to this Court, from the dissolving order, which appeal is undetermined.

The relators, defendants in injunction, then did the acts prohibited by the court and were ruled in for contempt.

After trial, the district judge considered that the effect of the suspensive appeal from the dissolving order, was to place things in the condition in which they stood when the motion to bond was made—that is to continue in force the injunction as though the motion had never been allowed. On the question of fact he found that the relators had violated the injunction and he sentenced them to ten days imprisonment.

The main and indeed the only point upon which the relators avowedly rest their complaint, is that as soon as the suspensive appeal from the dissolving order on bond had been taken and perfected, the district court ceased to have jurisdiction over the cause, and therefore was incompetent to entertain the rule for contempt.

The law and jurisprudence are no doubt in that sense, but however fettered by an appeal, the court *a qua* has never been deemed absolutely stripped of jurisdiction to determine the character and effect of such appeal. 32 Ann. 814; 34 Ann. 90.

The appeal in this case does not affect the preliminary injunction; but only the validity of its dissolution on bond.

In the present instance the district court had jurisdiction to ascertain primarily, whether the appeal granted was or not suspensive and, if suspensive, what it was that it suspended. It had also jurisdiction, finding that it had suspended the effect of the order dissolving on bond, to decide that the injunction was or not in force and also that its prohibitions had or not been transgressed. It could punish for contempt. 36 Ann. 942.

It is clear, as a matter of law, that the effect of the suspensive appeal from the order dissolving the injunction on bond, was to leave matters in the condition in which they stood before the dissolving order was made; a condition in which they continued as though that order had never been granted. Butchers' Union vs. Judge, 33 Ann. 438, 494, 560, 134; also: 36 Ann. 192, 887, 192, 918; 34 Ann. 1181.

With the question of fact this Court has nothing to do.

We do not understand that the proceeding raises any issue beside that of jurisdiction just considered.

It is therefore ordered and decreed that the application herein for the nullity of the proceedings punishing for contempt, be refused with costs.