*In re* TWOMBLY.

1.  HABEAS CORPUS—REVIEW BY CERTIORARI—PROMPTNESS.
     Review of discharge on *habeas corpus* from arrest under rendition warrant, being by virtue of Federal law, is permissible by certiorari but must be promptly sought and prosecuted.

2. SAME—DISCHARGE OF ALLEGED FUGITIVE FROM JUSTICE—DELAY—
   REVIEW.

   Motion to vacate discharge of alleged fugitive from justice of
   another State, made nearly 12 months after discharge, was
   properly denied because of inexcusable delay and may not be
   employed to extend time for review.

Certiorari to Jackson; Williams (Benjamin), J. Submitted October 19, 1933. (Docket No. 116, Calendar No. 37,104.) Decided December 19, 1933.

*Habeas corpus* proceedings by Willard O. Twombly, arrested as fugitive from justice of the State of New York. Petitioner discharged. Order denying motion to vacate discharge is reviewed on certiorari by State of New York. Certiorari dismissed.

*M. M. Larmonth,* for appellant.

WIEST, J. This is certiorari to review *habeas corpus.* December 8, 1931, Willard O. Twombly was under arrest by virtue of a rendition warrant, issued by the governor of this State, based upon a requisition of the governor of the State of New York, in pursuance of an indictment in the latter State, charging Twombly with having abandoned his child in the State of New York on the 24th day of September, 1925, and on the ground that he was a fugitive from justice. Mr. Twombly sued out a writ of *habeas corpus* in the Jackson circuit and, upon hearing, was adjudged not a fugitive from justice and was discharged. A year later, lacking a few days, the agent representing the demanding State moved the circuit court to vacate the order of discharge. This motion was denied and an order to that effect entered December 28, 1932. January 19, 1933, we issued our writ of certiorari.

The rendition in this instance being by virtue of Federal law, review of discharge by certiorari is

permissible. *South Carolina* v. *Bailey,* 289 U. S. 412 (53 Sup. Ct. 667). Review, however, if desired must be promptly sought and prosecuted.

As stated in *Storti* v. *Massachusetts,* 183 U. S. 138 (22 Sup. Ct. 72):

"Proceedings in *habeas corpus* are to be disposed of in a summary way. The interests of both the public and the petitioner require promptness; that if he is unlawfully restrained of his liberty it may be given to him as speedily as possible; that if not, all having anything to do with his restraint be advised thereof, and the mind of the public be put at rest, and also that if further action is to be taken in the matter it may be taken without delay. * * * This matter of promptness is not peculiar to these cases in Federal courts, but is the general rule which obtains wherever the common law is in force. It is one of those things which give to such proceedings their special value, and is enforced by statutory provisions, both State and Federal. * * * All the freedom of equity procedure is thus prescribed; and substantial justice, promptly administered, is ever the rule in *habeas corpus.*"

The review here sought should not be entertained because of inexcusable delay. *Habeas corpus,* to be at all effective, commands speedy determination and the law will not permit one discharged by virtue of the writ to be called in, quite 12 months after liberty has been granted, to defend his discharge when nothing is done questioning his release in the meantime. The dilatory motion, denied by the circuit judge, cannot be employed to extend time for review.

The writ of certiorari was improvidently issued and is dismissed, with costs.

McDonald, C. J., and Weadock, Potter, Sharpe, North, Fead, and Butzel, JJ., concurred.