McBRIDE, Judge.
Plaintiff recovered judgment for workmen’s compensation from which defendants took no appeal, the judgment now being final and executory. More than six months after the rendition of the judgment, defendants, proceeding pursuant to LSA-R.S. 23:1331, sought a review and modification thereof on the ground that plaintiff’s incapacity had ceased and that he is fully capable of performing all of his occupational duties, and the court, after hearing evidence pertinent to the issue, rendered a judgment dismissing defendants’ rule, from which they have appealed suspensively to this court.
Plaintiff filed a motion to dismiss the appeal “as suspensive in so far as it suspends the obligation * * * to continue” workmen’s compensation payments to plaintiff.
What plaintiff would have us do is to regulate the effect of the appeal by deciding whether the taking of the appeal authorized defendants to withhold compensation benefits from plaintiff pending determination of the appeal taken from the judgment which dismissed their rule.
LSA-R.S. 23:1351 provides for and governs appeals from judgments in workmen’s compensation cases; the “time within which such appeal may be taken, the effect thereof, the security to be furnished by the appellant and the obligations thereof, shall be as provided by Articles 575 and 578 of the Code of Practice, all of the provisions of which shall apply * * Appellants chose to perfect their appeal under the provisions of the first of said articles of the Code of Practice, which pertains to suspensive appeals, and the only thing brought before us for review by the appeal is the correctness vel non of the judgment dismissing defendants’ proceeding to have the compensation judgment modified. We are not concerned with any other question, and the validity of defendants’ course of action in withholding compensation benefits from plaintiff is a matter which we are not privileged to consider. Our prerogative, as we see it, is to reveiw the judgment appealed from and not to determine the effect of the appeal. If the suspensive appeal did not have the legal effect of suspending compensation payments due under the original judgment, plaintiff if aggrieved by defendants’ actions in withholding the compensation should have taken proper proceedings in the lower court to protect his interests. Usually the district court ceases to have jurisdiction over the cause when an appeal is granted, but the court a qua has never been deemed absolutely stripped of jurisdiction to determine the character and effect of the appeal and what it was that is suspended. State ex rel. Barthet v. Houston, 37 La.Ann. 852.
Appellee’s motion is denied.
Plaintiff met with an accident while acting within the course and scope of his employment as a longshoreman and suffered the loss of the distal phalanx of the right thumb. The two medical experts who testified when the case was tried were in accord that plaintiff sustained a 25 per cent disability in his right hand, and the court determined that such disability inhibited him from performing the duties of a long *308 shoreman, and rendered judgment in his favor for compensation at the rate of $35 per week for a period not exceeding 300 weeks under LSA-R.S. 23:1221(1) as for temporary, total disability.
Defendants contend that all disability has ceased, and plaintiff is now fully capable of returning to his duties of longshoreman and that he, in fact, has worked regularly in said occupation since the judgment for compensation was rendered.
On the trial of the rule to review the judgment for compensation, the evidence revealed that during a period of some eleven months after the judgment was rendered, plaintiff worked at times in the capacity of water boy and at other times as a longshoreman for a total of about 600 hours.
Dr. Redler, appearing for the defendants at the trial of the rule, testified that his opinion was plaintiff had become acclimated to the lost portion of his thumb and that he was fully capable of performing the duties of longshoreman, as is demonstrated by the actual fact of his having been able to return to work. However, Dr. Redler agreed that the extent of plaintiff’s disability remained the same, that is, he still had a 25 per cent loss of the use of the right hand.
Plaintiff produced no medical testimony, but his own testimony makes it clear that there has been no change in the degree of his incapacity and he is incapable of performing all of the duties pertaining to the occupation of longshoreman, particularly in view of the fact that his thumb is still sensitive and he lacks the necessary grip and strength to lift and handle large sacks of sugar which a longshoreman is required to do. He testified this is the reason he sometimes worked as water boy; he also stated that at other times he performed the work of “pile” man at somewhat lighter duties than the longshore work.
In any proceeding to review a compensation judgment on the ground that the disability has ceased or diminished, the only open question before the court is whether there was a change in the injured workman’s condition. Johnson v. Calcasieu Sulphate Paper Co., Inc., La.App., 142 So. 861; O’Donnell v. Fortuna Oil Co., 10 La.App. 599, 120 So. 789.
The trial judge thought there was no change and stated in his reasons for judgment:
“ * * * the issue involved here is one of fact. The Court is of the opinion that the Plaintiff is in good faith; further, that this is typified by his statement on cross-examination where he said ‘You know me, I have got to make a living.’ That is exactly what the claimant is attempting to do. I do not believe that there has been any change in the Plaintiff’s disability. I do not believe that the Plaintiff is acclimated to the injury to his thumb. The claimant has explained the type of work that he has performed during the past year, and it is exactly what he should be doing, and this Court should not penalize him for his efforts. * * ”
We agree with those conclusions, and our opinion is that defendants have not shown any material change in the nature of plaintiff’s disability as it existed at the time of the original trial. At the original trial Dr. Redler stated plaintiff would have some difficulty in returning to work “because he would have to acclimate and adjust himself”, and we do not believe such result has as yet been accomplished.
There could have been no doubt in the mind of the trial judge at the original trial that plaintiff could do some work, and in view of the “acclimation” Dr. Redler spoke of, that work therapy was necessary. There would be no justification whatever for a holding at this time that because plaintiff is making an attempt to work, his condition has changed for the better and that he should be deprived of the benefit of workmen’s compensation.
*309 Defendants-appellants mention in their brief the fact that plaintiff sustained another accidental injury since the rendition of the judgment while working one day as a longshoreman, and it appears plaintiff, in addition to receiving compensation under the judgment in this case, also collected compensation from the employer for whom he worked at the time of his second injury. We are convinced that the disability sustained in the second accident was only temporary and that plaintiff’s present incapacity stems from his ■first accident.
' For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.