220 So.2d 67

**STATE of Louisiana**

**v.**

**James TURNER.**

**No. 49330.**

Feb. 28, 1969.

Rehearing Denied March 31, 1969.

Michael S. Ingram, Baton Rouge, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Richard

Kilbourne, Dist. Atty., Fred C. Jackson, Asst. Dist. Atty., for appellee.

McCALEB, Justice.

In the late afternoon of January 1, 1967, while James Johnson, his wife, George Anna Johnson, Irma Lee Dunn and Maggie Dunn were seated in James Johnson's automobile near the home of appellant in Wilson, Louisiana, the latter opened fire with a 22-caliber rifle, killing James Johnson, his wife and Irma Lee Dunn and severely wounding Maggie Dunn. Appellant was indicted in this case for the murder of James Johnson. After pleading "not guilty" and "not guilty by reason of insanity", he was tried, found guilty as charged and sentenced to death.

During the trial, defense counsel reserved sixteen bills of exceptions. Thirteen of these bills are identical and were taken to the action of the court in sustaining thirteen challenges for cause by the State of prospective jurors, each of whom declared on his voir dire examination that he was conscientiously opposed to the infliction of the death penalty in a capital case. On this appeal, defense counsel is relying wholly on these bills which will be hereinafter discussed. The other three bills are not mentioned, either in argument or brief. We would treat the latter as abandoned

were this not a capital case. An examination of the record has satisfied us, however, that these bills are without merit.

■ Bill No. 14 was reserved when the court correctly denied, during the voir dire examination of prospective jurors, the motion of defense counsel to sequester the jurors who had already been selected to sit on the jury and remove them from the courtroom. The purpose of sequestration of jurors, according to Article 791, C.Cr.P., is to seclude them from *outside* communication.

■ Bill No. 15 was reserved when the court overruled defense counsel's objection to the introduction in evidence of several photographs of the bodies of the three deceased persons on the ground that they were without evidentiary value and tended to prejudice appellant. Photographs of the scene of the crime showing the bodies of the persons killed by appellant were clearly relevant to the case.

■ Bill No. 16, which was taken to the refusal of the court to give a special charge to the jury on insanity in the language sub-

mitted by defense counsel, was also properly denied as the record shows that the judge substantially covered the requested instruction in his general charge.

■■ This leaves for consideration the thirteen bills taken by appellant pertaining to the alleged error of the judge in sustaining the State's challenge for cause of the jurors who declared on their voir dire examination that they were conscientiously opposed to the infliction of the death penalty. Since this case was tried in December, 1967, some six months prior to the decision of the Supreme Court of the United States in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, defense counsel's objections were admittedly made in the hope that such a decision would be forthcoming, for Article 798 of our Code of Criminal Procedure provided that it is good cause for challenge on the part of the State that the juror tendered in a capital case has "conscientious scruples against the infliction of capital punishment; * * *"[1] and the judge's rulings conformed with the law in effect at that time.

---

1. This article has since been rewritten by the Legislature in Act 13 of the Extraordinary Session of 1968 to comply with the decision in the Witherspoon case. It amends Article 798(2) so as to provide that it is good cause for challenge on the part of the State that:

"(2) The juror tendered in a capital case who has conscientious scruples against the infliction of capital punishment and makes it unmistakably clear (a) that he would automatically vote against the imposition of capital punishment without regard to any evidence that might be developed at the trial of the case before him, or (b) that his attitude toward the death penalty would prevent him from making an impartial decision as to the defendant's guilt * * *."

Albeit the district attorney in oral argument and brief would have us hold this case is somehow distinguishable from the Witherspoon case—"because of the manner in which the Illinois statute was used in that particular trial than because of the statute itself"—we think the conclusion is inescapable that Article 798(2), as it read and was judicially applied prior to its amendment in 1968, must be held to conflict with the views expressed in the Witherspoon decision and, therefore, the jury which imposed the death sentence in this case transgressed appellant's rights under the Sixth and Fourteenth Amendments to the Federal Constitution. This, for the reason that the Supreme Court has declared specifically, " * * * that a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction.[21] No defendant can constitutionally be put to death at the hands of a tribunal so selected.[22]" See 88 S.Ct. 1770 at page 1777, 20 L.Ed.2d at page 785.

Accordingly, for the reasons assigned, the conviction and sentence of appellant are set aside and annulled and the case is remanded to the district court for a new trial.

SUMMERS, J., concurs.

On Application for Rehearing.

PER CURIAM.

The application for rehearing urges that in disposing of this case on appeal we should have only annulled the death sentence and remanded for sentence to life imprisonment instead of reversing the conviction, annulling the sentence, and remanding for new trial. The application is denied. However, that portion of our decree which reversed the conviction and remanded for a new trial is not intended to, nor does it, apply to those cases where the conviction and sentence have become final after appellate review or by elapse of time for appeal.