227 So.2d 915

STATE of Louisiana

v.

G. Robert MURPHY, Paul Pope, George Gibson and Leon Soniat.

No. 50015.

Nov. 10, 1969.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Frank H. Langridge, Dist. Atty., John M. Mamoulides, Asst. Dist. Atty., for appellant.

Greenburg & Cohen, Gretna, for appellees.

FOURNET, Chief Justice.

The appellate jurisdiction of this court in criminal cases is limited by the Constitution of this State to felonies or misdemeanors in which a statute has been declared unconstitutional or the defendant is sentenced to pay a fine exceeding $300 or to serve more than six months imprisonment.[1] It necessarily follows this court is

---

1. Article 7, Section 10 provides: " * * * The following cases shall be appealable to the Supreme Court; * * *

(2) Cases in which an ordinance of a parish, municipal corporation, board or subdivision of the state or a law of this

without jurisdiction of the appeal in the instant case by the State from the ruling of the district judge maintaining defendants' motion to quash the indictment charging them with malfeasance in office in violation of L.R.S. 14:134.[2] While the provisions of Article 912 of the Code of Criminal Procedure adopted by the Legislature in 1966 provides, " * * * B. * * * Adverse judgments or rulings from which the state may appeal include * * * judgments or rulings on: (1) A motion to quash an indictment or any count thereof; * * * ", the Legislature in so providing obviously intended the same to apply only in cases in which this court has appellate jurisdiction.

■ Upon reaching this conclusion the State, relying upon State v. Maricle, 245 La. 439, 158 So.2d 604; State v. Thomas, 245 La. 444, 158 So.2d 606; and State v. Barrios, 254 La. 93, 222 So.2d 869, request that we grant it adequate time in order to seek a review of the ruling of the trial judge under our supervisory jurisdiction.

The cases relied upon by the State are inapposite. In the Maricle and Barrios cases the defendants were reserved the right to apply to this court for writs inasmuch as this court found formerly it was vested with appellate jurisdiction of all appeals from juvenile courts by constitutional provision, but by the general revision of appellate jurisdiction in 1960 the only resort available to persons other than juveniles convicted in a juvenile court where the penalty did not exceed $300 or more than six months imprisonment was for a writ of certiorari; and in view of these particular circumstances it was felt the defendants should be allowed to follow this procedure upon dismissal of their appeals. In the Thomas case this court dismissed the appeal, merely noting the proper procedure for review would have been by writs. In the case at bar, following the ruling of the trial judge on the motion to quash, the State filed a notice of intention to apply to this court for writs and accordingly the trial judge ordered that the application be

state has been declared unconstitutional;
* * *

(5) Criminal cases in which the penalty of death or imprisonment at hard labor may be imposed, or in which a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed."

2. "Malfeasance in office is committed when any public officer or public employee shall:

(1) Intentionally refuse or fail to perform any duty lawfully required of him as such officer or employee; or

(2) Intentionally perform any such duty in an unlawful manner; or

(3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.

Whoever commits the crime of malfeasance in office shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both."

 

filed not later than the 8th of July, 1969. However, the State apparently abandoned this procedure by filing the motion for the instant appeal before the expiration of such date.

For the reasons assigned the appeal is dismissed.