SUMMERS, Justice.
 

 Identical bills of information filed on November 26, 1969 against Wayne Spina and Charles Gibson charged that on August 31, 1969 each “violated R.S. 14:134, subd. 1 in that he intentionally failed to perform his duties as lawfully required of him as an officer of the Baton Rouge City Police Department.” A third bill of information was filed against Wayne Price. This latter bill is identical with the others, except Price is charged “as an officer of the East Baton Rouge Sheriff’s Office.”
 

 The statute under which these accused are charged provides in pertinent part:
 

 Malfeasance in office is committed when any public officer or public employee shall:
 

 (1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or * * * * * *
 

 Whoever commits the crime of malfeasance in office shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both. (La.R.S. 14:134)-
 

 Motions for bills of particulars were filed on behalf of the accused on February 27, 1970, requesting information concerning the duties the accused failed to perform, what duties are required of the officers, who determines those duties, were they violated on more than one occasion, if so the number of times and dates, if only one offense is involved — its date and was the offense committed on regular work shifts or while off duty.
 

 At the same time (February 27, 1970) motions to quash were filed, alleging that the informations charging the accused were fatally defective in that they did not set forth the nature and cause of the accusation in keeping with the constitutional requirement that the charge be sufficiently definite to permit the accused to prepare his defense, to sustain a plea of former jeopardy and to permit the court to properly regulate the evidence sought to be introduced at the trial. The motions to quash were taken under advisement by the trial judge.
 

 
 *402
 
 On March 19, 1970 the motions for hills of particulars were tried and the prosecution was ordered to furnish a description of the duties the accused failed to perform and whether the offenses were committed on duty or off duty. Answers were furnished on July 14, 1971.
 

 Thereafter, according to the application, defense counsel requested that the judge rule on the motions to quash. Accordingly, on October 19, 1971 the trial judge sustained the motions to quash all three bills of information assigning as reason therefore :
 

 The Court is of the opinion that an indictment or bill of information which charges an offense in the language of the statute defining it is sufficient; however, if the statute is one which defines the offense in general terms, use of statutory language is not sufficient and must also state the specific acts of the defendant on which the charge is based.
 

 Defense counsel was not present in court when the ruling was handed down, but he was furnished with a copy of the ruling by mail. On October 27, 1971, eight days after the court’s ruling sustaining the motions to quash, counsel for the prosecution appeared in court to reserve a bill of exceptions to the court’s ruling of October 19, 1971 sustaining the motions to quash. In a dialogue with the trial judge which ensued, the judge learned that the answers required by his order had been filed to the motions for bills of particulars on July 14, 1971. Whereupon, although no formal bills of exceptions were filed to the ruling of October 19, 1971 sustaining the motions to quash, the trial judge sua sponte set aside that ruling on the basis that the answers to the motions for bills of particulars cured the defect in the original bills of information.
 

 Upon learning of the court’s ruling, defense counsel, who was not in court when the ruling was handed down, appeared in open court the following morning and objected to the court’s ruling, the objection was overruled and bills of exceptions were reserved. Defense counsel then applied for writs to this court. We granted certiorari under our supervisory jurisdiction. State v. Spina, 259 La. 999, 254 So.2d 275.
 

 Three principal questions are presented by defense counsel and this record for our consideration:
 

 (1) If an information or indictment charges the defendant with violation of a statute that characterizes an offense in general or generic terms, is it sufficient for such information or indictment to track the language of the statute without alleging with particularity the facts upon which the charge is based?
 

 (2) Can the acts alleged in an answer to a bill of particulars amend, aid or vali
 
 *404
 
 date an otherwise invalid or insufficient information or indictment?
 

 (3) In a criminal case, after rendering a final decision on a motion to quash, can the trial judge amend, revise or reverse his decision on his own motion where no action has been taken by the aggrieved party to the decision?
 

 (1) The first question presents a matter that has long been settled in the law of this state. An indictment or information charging an offense in the language of the statute defining the offense is sufficient. But this rule is subject to an important exception which this Court has approved: When the statute characterizes the offense in general or generic terms, an indictment or information charging the offense in the words of the statute is insufficient and the specific facts upon which the charge is based must be set out. State v. Henry, 250 La. 682, 198 So.2d 889 (1967); State v. Kershaw, 234 La. 579, 100 So.2d 873 (1958); State v. Blanchard, 226 La. 1082, 78 So.2d 181 (1955); State v. Scheuering, 226 La. 660, 76 So.2d 921 (1954); and State v. Varnado, 208 La. 319, 23 So.2d 106 (1945).
 

 The malfeasance statute we are considering is undoubtedly couched in the most general terms and the bills of information track that part of the statute relied upon in the same general terms. In doing so the bills of information fail to inform the parties charged of the nature and cause of the accusations with sufficient particularity to permit the trial judge to properly regulate the admission of evidence at the trial, to support a plea of former jeopardy or to allow the parties charged to properly prepare their defense. La.Const. art. 1 §§ 9 and 10. State v. Chanet, 209 La. 410, 24 So.2d 670 (1946); State v. Toney, 205 La. 451, 17 So.2d 624 (1944).
 

 The trial judge properly sustained the motions to quash.
 

 (2) Acts alleged in an answer to a bill of particulars cannot amend, aid or validate an otherwise invalid or insufficient information or indictment.
 

 In support of this conclusion we quote from State v. Bienvenu, 207 La. 859, 22 So.2d 196 (1945):
 

 . . . Nevertheless the fact remains that defendant is not being prosecuted on the bills of particulars, but solely on the information. A bill of particulars can never take a criminal prosecution out of the statute on which the indictment or information is based.
 

 The sole office of the bill of particulars is to give the adverse party information which the pleadings by reason of their generality do not give and to compel the State to observe certain limitations in offering evidence. A bill of particulars cannot change the offense
 
 *406
 
 charged nor in any way aid an indictment or information fundamentally bad.
 

 If a defendant desires to be advised of the specific acts of which he is accused and applies for and obtains a bill of particulars, he does so on his own behalf and for his sole benefit. He does not do this to correct an invalid indictment or bill of information for the State. He only seeks additional information to more properly prepare his defense. La.Code Crim.Proc. arts. 484 and 485.
 

 Most importantly, the constitution requires that the prosecution “shall be by indictment or information,” La.Const. art. 1 § 9, and not by bill of particulars. For this reason a bill of particulars cannot stand to satisfy the constitutional requirement that the accused be informed of the nature and cause of the accusation against him. La.Const. art. 1 § 10; State v. Straughan, 229 La. 1036, 87 So.2d 523 (1956). To the same effect: State v. Rogers, 241 La. 841, 132 So.2d 819 (1961); State v. Bickham, 239 La. 1094, 121 So.2d 207 (1960); State v. Scott, 237 La. 71, 110 So.2d 530 (1959); and State v. Pettifield, 210 La. 609, 27 So.2d 424 (1946).
 

 Articles 484 and 485 of the Code of Criminal Procedure do not alter the long-established rule these cases articulate as the State contends. Furthermore, legislation cannot alter the principle for which these cases stand, because these cases rest upon the constitutional requirements that all persons charged with crime must be informed of the nature and cause of the accusation (La.Const. art. 1 § 10), and that only by indictment or information. (La. Const. art. 1 § 9).
 

 (3) Once rendered a judgment sustaining a motion to quash may not be reversed by the court rendering that judgment.
 

 When the trial judge sustained the motions to quash on October 19, 1971, he did so on the ground that the bills of information only charged the crime in the general terms of the statute and failed to specify sufficient facts to meet the con-' stitutional requirement that the persons charged be informed of the nature and cause of the accusation against them.
 

 The State contends that Articles 912 and 914 entitle the State to a delay of fifteen days within which to move for an appeal after rendition of the ruling sustaining the motion to quash; that during this time the trial court retained jurisdiction of the case and it properly reversed its October 19 ruling on October 27 within that fifteen-day period.
 

 The contention is without merit. To begin with, the State was not entitled to an appeal in this matter, for no fine exceeding three hundred dollars or imprisonment exceeding six months had been
 
 *408
 
 actually imposed in this misdemeanor case. See La.Const. art. 7 § 10(5); State v. Murphy, 254 La. 873, 227 So.2d 915 (1969). The State’s remedy was to apply to this Court for review under our supervisory jurisdiction.
 

 The effect of the ruling sustaining the motion to quash is set forth in Article 538 of the Code of Criminal Procedure. That article sets forth that “In other cases (such as the instant case), when a motion to quash is sustained, the court may order that the defendant be held in custody or that his bail be continued for a specified time, pending the filing of a new indictment.”
 

 The implication is clear from this authority that after the ruling on the motion to quash, unless the ruling is stayed pending application for writs to the Supreme Court under its supervisory jurisdiction, the bill of information has been nullified and no charge is pending against the accused until a new information is filed by the State. State v. Coursey, 71 Ariz. 227, 225 P.2d 713 (1950); Pray v. State, 56 Ariz. 171, 106 P.2d 500. (1940); 42 C.J.S. Indictments and Information § 215; 4 Am.Jur.2d, Appeal and Error § 164. Thus no charge remains pending against the accused, without which the trial judge cannot proceed in a criminal prosecution.
 

 For the reasons assigned we affirm the ruling of the trial judge sustaining the motions to quash, and we reverse the ruling setting aside the court’s previous ruling sustaining the motions to quash. This case is remanded to the trial court for proceedings consistent with the views expressed.