PER CURIAM.
On April 20, 1971, by state post-conviction proceedings, the defendant was granted a new trial. On April 17, 1972, the matter came up for re-trial, but the district judge, on his own motion and over the protests of both prosecution and defense, set aside the order for a new trial and re-sentenced the defendant. The prosecution applied for supervisory relief, 261 La. 818, 261 So.2d 227 (1972), which was granted, 263 La. 946, 269 So.2d 824 (1972).
In granting the prosecution’s prayer, this court there held on November 6, 1972 that “the sentence imposed by the trial court is annulled and vacated, and this case is remanded to the Criminal District Court for the Parish of Orleans, Section ‘H’, for a new trial, in accordance with law.” 269 So.2d 826. After several continuances, on January 23, 1974 the district court on its own motion continued the case for trial until January 29, 1974. On that date, the district court on its own motion once again set aside the judgment granting a new trial and ordered the case taken to this court on a conventional appeal.
*219 We granted the defendant’s application for supervisory relief. 289 So.2d 819 (1974). We once again reiterate our holding in State v. Bullock, 263 La. 946, 269 So.2d 824 (1972) that the order of April 20, 1971 granting a new trial became final and cannot be set aside by belated collateral sua sponte motion.
The decree of this court of November 6, 1972 itself has become final. For the reasons assigned by us previously, we order the respondent judge to act not inconsistent with our decree of November 6, 1972, by which we remanded this case for a new trial in accordance with law.

Decree

For the reasons assigned, we annul the present trial court’s judgment of January 29, 1974, which set aside the earlier judgments granting a new trial. The case is remanded for further proceedings not inconsistent with the views and holding here expressed.
Case remanded for further proceedings.