329 So.2d 733 (1976)
STATE of Louisiana
v.
James BULLOCK
No. 57182.
Supreme Court of Louisiana.
March 29, 1976.
*735 Joseph Neves Marcal, III, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
James A. Bullock was sentenced to serve forty-two years at hard labor as a second offender under the provisions of the Habitual Offender Law. La.R.S. 15:529.1. On appeal, he relies on six assignments of error for reversal of his sentence.[1]

ASSIGNMENT OF ERROR NO. 1
A hearing for sentencing defendant as a second offender under the Habitual Offender Law (La.R.S. 15:529.1) was set for July 3, 1975. When the matter was called for hearing, defense counsel orally moved for a continuance until the following Monday in order to file additional pleadings. He asserted that he was unable to accomplish this prior to the present hearing as his secretary had been engaged since the day before in typing a memorandum which was due in federal court at four o'clock that day. The motion was denied by the trial judge.
A motion for continuance shall be by written motion alleging specifically the grounds upon which it is based, and when made by defendant, must be verified by his or his counsel's affidavit. La.Code Crim.P. art. 707 (1966). When no written motion for continuance appears of record, the denial thereof will not be considered by this court. State v. Weathers, 304 So.2d 662 (La.1974); State v. Hubbard, 279 So.2d 177 (La.1973). Furthermore, when the oral motion was denied, no objection was made. Failure to make timely objection acts as a waiver to have this court review the discretionary denial of such a request. La.Code Crim.P. art. 841, amended *736 by Acts 1974, No. 297 § 1; State v. Marcell, 320 So.2d 195 (La.1975); State v. Craddock, 307 So.2d 342 (La.1975). Moreover, we find no abuse of discretion by the trial judge in denying the continuance under the circumstances here presented. La.Code Crim.P. art. 712 (1966). This assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 4
During the hearing at which defendant was sentenced as a second offender, defense counsel made certain oral motions referring to a previous plea of prescription and a motion to quash the "double billing" procedure. These motions were reurged and overruled by the trial judge.
In reference to the plea of prescription, defendant argues that, while he was found guilty of murder and sentenced to death on February 2, 1967, the district attorney did not file an information accusing him of a previous felony conviction and asserting that he should be sentenced in conformity with R.S. 15:529.1 until after his conviction for manslaughter on retrial in 1974. He argues that this constitutes an unreasonable delay.
We do not agree. R.S. 15:529.1(D) provides in pertinent part:

If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of previous conviction. . . .
(Emphasis added.) In State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974), we held that R.S. 15:529.1(D) required that a proceeding to have defendant sentenced as a multiple offender must be completed before defendant serves the sentence which is to be enhanced. In State v. McQueen, 308 So.2d 752 (La.1975), we held that, while R.S. 15:529.1(D) does not impose a specific prescriptive period in which the district attorney must act upon the receipt of the necessary information, the statute does require that the information be filed within a reasonable time after the necessary information is available to the appropriate district attorney; that the failure of the district attorney to file an information within a reasonable time after having the necessary information is not sanctioned by the statute and is in fact prohibited by article 874 of the Code of Criminal Procedure; and that an unreasonable delay in filing the information divests the jurisdiction to have the defendant sentenced as a multiple offender. We held under the facts of that case that the unexplained delay of three years eight months was unreasonable.
In view of the protracted history of this litigation as set forth in footnote 1 herein, we do not consider that the delay in filing the information accusing defendant of a previous conviction and asserting that he should be sentenced under R.S. 15:529.1 is unreasonable. Hence, defendant's plea of prescription is without substance.
Next we consider defendant's contention that the information should be quashed for the following reasons: (1) the state failed to allege an offense under a valid statute as the conviction by a court martial is not an offense under the laws of any other state or of the United States, or any foreign government or country or within this state; (2) the Habitual Offender Law is unconstitutional and specifically violates article I, section 10 of the Louisiana Constitution of 1921; [2] (3) the "double billing" procedure constitutes double jeopardy; (4) the Habitual Offender Law violates the requirements *737 of "fair notice," "equal protection" and "due process."
None of these contentions have merit. The first contention is answered by the explicit wording of R.S. 15:529.1 (A) which provides in pertinent part:
A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state upon conviction of said felony shall be punished as follows:. . . .
(Emphasis added.) Defendant was convicted of the crime of murder in 1945 by a court martial while serving as a soldier in Italy during World War II. He was prosecuted under the Uniform Code of Military Justice, a law of the United States. 10 U.S.C.A. § 801, et seq. Murder, if committed in Louisiana, would be a felony (former R.S. 14:30). Consequently, defendant was properly sentenced as a second offender under R.S. 15:529.1.
In regard to the assertion that the Habitual Offender Law is unconstitutional, we recently stated in State v. Williams, 322 So.2d 177 (La.1975):
. . . Habitual offender statutes have survived constitutional attack so often that their validity is no longer a matter of serious doubt. See McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901). The constitutionality of La.R.S. 15:529.1 has been upheld by this court several times. It is well established that the law does not make it a crime to be a multiple offender; it merely prescribes an enhanced penalty for multiple offenders. As an enhancement-of-penalty provision, the statute does not punish a status, nor does it impose cruel and unusual punishment. See State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974); State v. Vale, 252 La. 1056, 215 So.2d 811 (1968), rev'd on other grounds, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970); State v. Guidry, 169 La. 215, 124 So. 832 (1929). See also Price v. Allgood, 369 F.2d 376 (5th Cir. 1966), cert, denied, 386 U.S. 998, 87 S.Ct. 1321, 18 L.Ed.2d 349 (1967).
Accordingly, this contention is without substance.
A multiple offender indictment need only inform the accused that he was previously convicted of a felony within the time period set forth in the statute (La.R.S. 15:529.1). This satisfies the constitutional requirement that the accused shall be informed of the nature and cause of the accusation against him. State v. Rowell, 306 So.2d 671 (La.1975). Hence, there is no merit in defendant's contention that the Habitual Offender Law violates article 1, section 10 of the Louisiana Constitution of 1921.
The third contention under the motion to quash is that the "double billing" procedure constitutes double jeopardy. We have previously held that R.S. 15:529.1 does not make it a crime to be a multiple offender; it merely prescribes an enhanced penalty be leveled against multiple offenders. Hence, it does not constitute double jeopardy. State v. Boatner, 304 So.2d 661 (La.1974); State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974).
The last contention is equally without merit. Defendant made no showing that he was not afforded adequate notice or that the statute violates the equal protection or due process clauses of the fourteenth amendment.
In sum, Assignments of Error Nos. 2 and 4 are without merit.

*738 ASSIGNMENT OF ERROR NO. 3
This assignment of error has been abandoned as it is neither briefed nor argued. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975); State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).

ASSIGNMENT OF ERROR NO. 5
Defendant contends that his request for the required legal delay between conviction and sentence was improperly denied by the trial judge.
We find no merit in this contention. The Habitual Offender Law, R.S. 15:529.1, does not make it a crime to be a multiple offender. It provides for an enhanced penalty against the multiple offender for the basic crime for which he has been convicted. A multiple offender hearing relates only to the sentencing of a defendant. Thus, the three-day delay of article 873 of the Code of Criminal Procedure is the required delay between conviction of the basic crime and sentencing. State v. Davalie, 313 So.2d 587 (La.1975); State v. Rowell, 306 So.2d 668 (La.1975). Here, more than three days elapsed between conviction of the basic crime and sentencing. Hence, this assignment of error is without substance.

ASSIGNMENT OF ERROR NO. 6
Defendant asserts that the entire proceedings indicate a personal prejudice on the part of the trial judge against him.
A general allegation to this effect is made without specifically pointing out any particular facts to show prejudice or hostility on the part of the trial judge. We have carefully examined the record and find no such evidence. Nor do we find that defendant's rights were infringed upon or that he was denied a fair hearing. On the contrary, a full hearing was held and defendant was not curtailed in any way from presenting his defense. The allegation made is simply not supported by the record of the proceedings. Assignment of Error No. 6 is without merit.

DECREE
For the reasons assigned, the sentence is affirmed.
NOTES
[1] James A. Bullock was convicted of murder and sentenced to death in 1967. No appeal was taken. In 1971, defendant's writ of habeas corpus was granted and a new trial ordered. The matter came up for retrial in 1972 but the district judge, sua sponte, set aside the previous order granting a new trial and sentenced defendant to life imprisonment. We granted certiorari, 261 La. 818, 261 So.2d 227 (1972). Thereafter, we annulled the sentence and remanded for a new trial. 263 La. 946, 269 So.2d 824 (1972). Again the district judge, on his own motion, set aside the judgment granting a new trial and ordered the case taken to this court on a conventional appeal. We again ordered a new trial and remanded. 294 So.2d 218 (La.1974). Following this remand, a retrial was held and Bullock was found guilty of manslaughter. Defendant was then billed as a a second offender under R.S. 15:529.1 based on a 1945 conviction of murder by court martial, while serving as a soldier during World War II, and was sentenced to serve forty-two years. On appeal, we affirmed the conviction but, finding that the prior conviction had not been properly certified in accordance with R.S. 15:529.1(F), we annulled the sentence and remanded for resentencing in accordance with law. 311 So.2d 242 (La.1975). A hearing was held on this remand and Bullock was sentenced to serve forty-two years at hard labor with credit for time served from February 25, 1966. The appeal from the imposition of this sentence is the one presently before us.
[2] See article I, section 13 of the Louisiana Constitution of 1974 for a similar provision.