492 So.2d 60 (1986)
STATE of Louisiana
v.
Clarence BENOIT.
No. KA 85-1557.
Court of Appeal of Louisiana, First Circuit.
May 28, 1986.
Rehearing Denied August 20, 1986.
Camille A. Morvant, II, Asst. Dist. Atty., Thibodaux, for plaintiff-appellee State of La.
Diana M. Sanders, Raceland, for defendant-appellant Clarence Benoit.
Before LOTTINGER, WATKINS and CRAIN, JJ.
CRAIN, Judge.
Clarence Benoit was charged by bill of information with the forcible rape of his fourteen year old daughter. La.R.S. 14:42.1. He pled not guilty. Following trial by jury, defendant was convicted as charged. Thereafter, Benoit filed a motion for new trial, urging that the jury verdict would result in an injustice if permitted to stand. A hearing on the motion for new trial was held on July 9, 1985. At that hearing the following relevant exchange occurred between the trial court, the prosecutor and defense counsel:
THE COURT:
... [P]ursuant to an agreement the Court will grant the New Trial. Further pursuant to that agreement the bill will be amended on the motion of the State to state the crime or the alleged crime of sexual battery.
THE STATE:
Yes, sir.
THE COURT:
And pursuant to that agreement I understand that the defendant wants to withdraw his former plea of not guilty and enter a plea of guilty, but he has to be rearraigned.
MRS. SANDERS:
Your Honor, at this time we'd ask that my client be rearraigned on the charge of sexual battery.
THE COURT:
Let him be rearraigned.
The record further reflects that immediately thereafter the original bill of information was amended by the state to charge defendant with the crime of sexual battery. Defendant was then rearraigned and pled guilty as charged to the amended bill of *61 information. He was sworn for the Boykinization. However, the Boykin examination was abruptly aborted by the trial court when defendant refused to acknowledge his guilt. The trial court ended the hearing by failing to accept defendant's guilty plea. On October 14, 1985, defendant was sentenced to a thirty year term of imprisonment at hard labor, fifteen years of which are to be served without benefit of probation, parole, or suspension of sentence, on the forcible rape conviction.
Defendant urges seven assignments of error. By means of assignment of error number seven, defendant contends that the trial court erred by sentencing him for the crime of forcible rape. We agree.
In brief, the state unequivocally acknowledges that defendant asked for and was granted a new trial. Granting of that motion provided the vehicle by which the plea bargain was to be implemented. It was within the discretion of the trial court to refuse to accept defendant's guilty plea, thereby rejecting the plea bargain arranged between the prosecutor and defendant. However, the trial court was without authority to rescind the order which had granted a new trial and which had the effect of setting aside the previous conviction of forcible rape. See State v. Bullock, 263 La. 946, 269 So.2d 824 (1972). Since the jury verdict was set aside by the now final order granting the new trial, the trial court was without authority to impose a sentence. La.C.Cr.P. art. 857. To be valid, a sentence must rest upon a valid and sufficient verdict or plea of guilty. La.C. Cr.P. art. 872(3); Bullock, 269 So.2d at 825.
For the reasons assigned, the sentence imposed by the trial court is annulled and vacated. Defendant's appeal is otherwise dismissed; this case is remanded to the district court for a new trial in accordance with law.[1]
REVERSED AND REMANDED.
NOTES
[1] Presumably, the new trial was granted under La.C.Cr.P. art. 851(5), since our review of the record indicates sufficient evidence to support the verdict of forcible rape. Consequently, there should be no legal impediment to retrying defendant on the original charge. See State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).