817 So.2d 40 (2002)
STATE of Louisiana
v.
Michael WILLIAMS.
Nos. 2001-K-0554, 2001-K-0667.
Supreme Court of Louisiana.
May 14, 2002.
*41 William J. Brown, Sr., Gretna, Counsel for Respondents.
Michael Williams, Respondent, pro se.
Richard P. Ieyoub, Attorney General, Paul D. Connick, Jr., District Attorney, Alan D. Alario, II, Terry M. Boudreaux, Gretna, Counsel for Applicant.
WEIMER, Justice.
This court granted cross applications filed by the state and the defendant to decide whether a trial court has jurisdiction and discretion to correct a ministerial error which involved the inadvertent signing of a motion for new trial. For the following reasons, we conclude the trial court was authorized to correct the ministerial error. We remand to the court of appeal to consider the original appeal on the merits.

PROCEDURAL BACKGROUND
On April 25, 1996, Michael Williams was charged by the Jefferson Parish grand jury with the second degree murder of Michelle Gallagher. He waived the right to trial by jury and proceeded to trial before the court. Following a trial on the merits, the defendant was found guilty as charged of second degree murder.
Since the conclusion of the trial on July 3, 1997, this matter has been through a lengthy and tortured procedural history. On July 14, 1997, the defendant appeared before the court for sentencing. At that time, defense counsel notified the trial judge that he had a motion for a new trial which he wanted to file. Following a brief discussion, the pleading was then filed by the clerk in open court at which time the trial judge stated she would take the motion for new trial "under submission."[1] The court did not order a contradictory hearing with the state as required by LSA-C.Cr.P. art. 852. The trial judge immediately proceeded to sentence the defendant to life in prison without benefit of probation, parole, or suspension of sentence.
Later that day, the trial judge, while signing other pleadings, inadvertently signed the ex parte order granting a new trial to Michael Williams. This fact was not discovered until much later when the Fifth Circuit Court of Appeal discovered the signed order in the record on appeal.
Meanwhile, on July 18, 1997, defense counsel filed a motion for appeal which the trial judge (unaware that she had previously inadvertently signed the order granting a new trial) granted on July 22, 1997. During September 1997, defense counsel *42 filed a motion to withdraw as counsel and a motion for an extension of time to file the appeal so that a public defender could be appointed to handle the appeal. On January 13, 1998, appointed defense counsel filed an assignment of errors into the record and an appeal brief on behalf of Williams seeking an errors patent review. He also filed a motion to withdraw, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The state filed a brief in response. Williams was allowed to file a supplemental pro se brief.
Upon review of the record on appeal, the appellate court noted that the record contained the order granting the defendant a new trial. On March 18, 1998, the parties were ordered to show cause why the appeal should not be dismissed.
On March 19, 1998, the trial judge on her own motion and in response to the show cause order which had been issued by the court of appeal, issued an order stating that the motion for new trial was granted in error and that the motion was "hereby denied." The appellate court then issued an order for the parties to address in brief the effect of the district court's order dated March 19, 1998, denying the motion for new trial. Both parties responded that because the trial judge had signed the motion for new trial in error and had now denied the motion for new trial, the appeal could be properly considered. Nevertheless, on May 21, 1998, the court of appeal issued an order dismissing the appeal and remanding the matter to the trial court for a new trial in accordance with the order dated July 14, 1997. The court of appeal, referencing State v. Bullock, 263 La. 946, 269 So.2d 824 (1972) and State v. Benoit, 492 So.2d 60 (La.App. 1st Cir.1986), stated that "[t]he trial court was without authority to reverse her previously granted Motion for New Trial."
Following remand, the state filed a motion to reconsider the defendant's motion for a new trial. The court conducted a hearing on June 19, 1998. At the hearing, the trial judge explained the entire procedural process surrounding the motion for new trial filed by the defendant from the time she inadvertently granted it to the date of the hearing. The judge indicated she failed to strike through the wording of the body of the order denying the motion for a new trial. She also indicated that for whatever reason, a minute entry was never placed into the record denying the new trial. She did indicate that it was her belief defense counsel, co-counsel, and Mr. Williams were all informed by the court that the motion for new trial was denied. The trial judge stated that when she signed a new order denying the motion for new trial on March 19, 1998, she was not reversing a previous ruling, but was merely correcting the record to accurately reflect what had been originally intended. Following the hearing, the court denied defendant's request for a new trial. Although counsel for defendant indicated an appeal would be filed, no appeal was filed following that ruling.
On the same day as the June 19, 1998 hearing, the state filed a writ application with this court seeking review of the appellate court's order instructing the trial judge to conduct a new trial. The state supplemented the writ application by filing a copy of the district judge's ruling of June 19, 1998. This court denied the application as moot on June 24, 1998.
The state then filed a motion requesting clarification of this court's ruling dated June 24, 1998. The state sought to determine whether the ruling denying the writ as moot was based on the district court's ruling dated June 19, 1998.
This court responded to the request for clarification with a single word: "Denied." *43 Justice Victory concurred in denial of the rehearing with the following response: "It is my understanding that this Court denied the state's application in this matter because the trial court granted the state relief in its ruling of June 19, 1998, by denying defendant's motion for a new trial."
The defendant appeared before the district court on July 6, 1998, at which time the trial judge acknowledged that she had improperly sentenced him on July 14, 1997. She stated that following the filing of the motion for new trial, she had immediately imposed sentence. She acknowledged that subsequent to that date a hearing to reconsider the motion for a new trial was held and the motion was denied. Because more than twenty-four hours had elapsed since the denial of the motion for a new trial, she proceeded to sentence the defendant to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence, with credit for time already served.
On October 16, 1998, the defendant filed a motion to quash and to dismiss the prosecution on the basis that the state failed to commence a new trial in accordance with the remand ordered by the court of appeal on May 21, 1998. That motion was denied on December 18, 1998. Defendant appealed the denial of his motion to quash. The court of appeal in a decision dated July 27, 1999, dismissed defendant's appeal of the denial of his motion to quash as improper. The court noted that the only assignment of error in this "appeal" was the denial of the motion to quash. Errors asserted in the original appeal were not reurged in this "appeal." The court of appeal noted the "procedural `nightmare' this case has taken" and, in "the interest of justice," decided that a remand to grant an out-of-time appeal on the merits was warranted. The matter was again remanded to the trial court for the purpose of granting defendant an out-of-time appeal on the merits of his case as well as allowing him to file an application for supervisory writs on the denial of his motion to quash.
On January 31, 2000, defendant filed a pro se motion to quash seeking release from custody for failure of the state to prosecute timely by commencement of a new trial as ordered by the court of appeal. The district court, believing the matter was still on appeal from a prior ruling, denied the motion by order dated February 10, 2000. Writ of review was taken to the court of appeal which issued an order dated March 17, 2000, for the district court to grant defendant an out-of-time appeal on the merits of the case in accordance with the remand dated July 27, 1999.
Defendant was granted an out-of-time appeal on March 20, 2000. He assigned three errors, the first being that the state erred by failing to timely commence a new trial and, thus, he must be released from custody. The court of appeal noted that there remained an outstanding appellate court order in this matter for the trial court to conduct a new trial in accordance with the order dated July 14, 1997. The appellate court reasoned that the trial court was only vested with jurisdiction to comply with the order to conduct a new trial when the matter was remanded following defendant's original appeal. Because of the contorted manner in which this case has progressed procedurally, the court of appeal "conclude[d] that the time for commencing the second trial begins with the date of this opinion." Due to the action taken by the court of appeal, the other assignments of error were pretermitted.
As a result of the unpublished decision of the court of appeal dated February 14, 2001, the state and the defendant applied *44 for writ of certiorari. Writs were granted and the case was argued before this court on April 4, 2002.

DISCUSSION
Jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order for appeal. LSA-C.Cr.P. art. 916. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law. Id. The trial court is authorized to correct an error or deficiency in the record. LSA-C.Cr.P. art. 916(2).[2] Although the code allows the trial court to correct an error or deficiency in the record, review of the cases indicates that the particular circumstances of this case have never before occurred in Louisiana. Thus, the issue of whether or not a trial court retains jurisdiction to rescind an order granting a motion for new trial when the signing of the order was clearly a ministerial error has never been addressed by this court.
Other states have addressed this question and their jurisprudence is instructive. While judicial power to vacate an order granting a new trial has been sustained, the general rule is otherwise. See 66 C.J.S. New Trial § 212 (1950); 58 AM. JUR.2D New Trial §§ 567-568, 570 (1989); see also, Annotation, Power of Court to Vacate or Modify Order Granting New Trial in Civil Case, 61 A.L.R.2D 642 (1958); Annotation, Power of Trial Court or Judge to Revoke Order Granting New Trial in Criminal Case, 145 A.L.R. 400 (1943). Some courts have held that the order granting or denying a new trial itself concludes the matter. Huffman v. Little, 341 So.2d 268 (Fla.App.1977); Hahn v. Yackley, 84 Nev. 49, 436 P.2d 215 (Nev. 1968); State v. Lubosky, 59 R.I. 493, 196 A. 395 (1938); Smith v. Texas, 801 S.W.2d 629 (Tex.App.1991).
On the other hand, despite the usual prohibitions against the trial court modifying an order for a new trial after appellate jurisdiction has vested, certain jurisdictions allow the trial court to vacate a procedurally incorrect order in which a new trial was entered by mistake or inadvertence. In Wenzoski v. Central Banking System, Inc., 43 Cal.3d 539, 237 Cal.Rptr. 167, 736 P.2d 753 (1987), the California Supreme Court held:
It has long been the rule that "A final order granting or denying [a motion for new trial], regularly made, exhausts the court's jurisdiction, and cannot be set aside or modified by the trial court except to correct clerical error or to give relief from inadvertence under C.C.P. 473." Id. at 542, 237 Cal.Rptr. at 168, 736 P.2d at 754.
Similarly, in English v. State, 592 S.W.2d 949, 955 (Tex.Crim.App.1980), a case comparable to the instant one, the defendant filed a motion for new trial and the judge inadvertently signed an order granting his motion. Later, the judge realized his error and attempted to set aside the order by writing at the bottom of the order form: "The above order was signed inadvertently and by mistake and the order was not intended to have any legal effect." At a hearing on the matter, the judge testified that he signed the order by mistake when a group of papers was handed *45 to him; at the time he was quite busy picking a jury and calling the docket. The judge in English testified that he did not intend to grant the defendant a new trial. The Texas Criminal Appeals Court concluded that there is more to the granting of a new trial than simply signing the order, and that the trial court's error was akin to a clerical error, which could be corrected, even after appeal.
When the appellate court first remanded this matter to the district court for a new trial in accordance with the order signed July 14, 1997, the judges were unaware of the circumstances surrounding the inadvertent signing of the motion. The appellate court reasoned that the trial judge did not have the authority to reverse the previously granted motion for a new trial based upon the holding of State v. Bullock, 269 So.2d at 825 and State v. Benoit, 492 So.2d at 61.
We find these cases distinguishable. In Bullock, the district court, in response to a writ of habeas corpus filed on behalf of the defendant following a decision by the United States Supreme Court, granted the writ and ordered a new trial. When the matter came up for trial, defense counsel moved for a continuance. He noted that the then recent decisions of this court in response to the Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) decision indicated the proper disposition of cases such as Bullock was to impose a life sentence instead of granting a new trial. Defense counsel did not, however, move to set aside the order for a new trial. The trial judge on his own motion set aside the previously granted order for a new trial and sentenced defendant to life imprisonment. Both parties objected and argued the court was without authority to rescind the order granting a new trial over their objections.
This court held that in the absence of a timely application for supervisory review, the order granting a new trial became final and was no longer subject to revision or reversal by the court which rendered it. Bullock, 269 So.2d at 825.
In Benoit, the defendant was found guilty by a jury of forcible rape. He filed a motion for new trial alleging the jury verdict would result in an injustice if permitted to stand. Following a hearing, the trial judge granted the motion. The bill of information was amended and defendant was charged with sexual battery. He was rearraigned and pleaded guilty. Defendant was sworn for a Boykin[3] examination which was abruptly aborted by the trial judge when defendant refused to acknowledge his guilt. The trial court ended the hearing and refused to accept defendant's guilty plea. The trial court later sentenced defendant on the forcible rape conviction. On appeal, the sentence was annulled and vacated. The appeal was dismissed and the matter remanded for a new trial. The court of appeal held that once the new trial was granted the conviction was set aside. Citing Bullock, the court reasoned the trial court was without authority to sentence the defendant without a sufficient verdict or guilty plea.
Unlike the judges in Bullock and Benoit, the trial judge in this case never intended to grant the motion although she did inadvertently sign the order doing so. At the time defendant appeared before the court for sentencing, his counsel informed the judge he wished to file a motion for new trial. Following discussion, the motion was filed in open court. Although the motion was written as required by LSA-C.Cr.P. art. 852, the motion was presented to the court in the form of an ex parte *46 motion with an order. As provided in LSA-C.Cr.P. art. 852, a motion for new trial "shall be tried contradictorily with the district attorney." Defendant's motion merely stated the verdict was "contrary to the law and the evidence" without alleging with specificity the manner in which the verdict was incorrect as required. See LSA-C.Cr.P. art. 851(1). Defendant presented no evidence or argument for the judge to consider in reference to the motion for new trial.
From the time the trial judge received the initial notice that the order granting the motion for a new trial had been signed, she attempted to remedy the mistaken grant of the motion. Until alerted by the rule to show cause initiated by the court of appeal and directed to the attorneys, neither the trial judge nor the parties were aware that the judge had inadvertently signed the ex parte order granting a new trial. Because it was never her intent to grant the new trial, on March 19, 1998, on her own motion she issued an order denying the new trial. The initial signing of the order was clearly a ministerial error.
Although both counsel for the state and defendant were of the opinion that the March 19, 1998 order signed by the trial judge remedied the error, the appellate court dismissed the appeal and remanded the matter to the district court to conduct a new trial in accordance with the trial order dated July 14, 1997.
Following remand, the state filed a motion to reconsider defendant's motion for a new trial. The matter was set for hearing on June 19, 1998. On the date of the hearing the trial judge went on the record to explain the circumstances surrounding the inadvertent signing of the new trial order.[4]
*47 No appeal was taken from the court's ruling dated June 19, 1998, which corrected the ministerial error of July 14, 1997.
Since completion of defendant's trial on July 3, 1997, at which time the court found defendant guilty of second degree murder, this case has been to the court of appeal three times on appeal and once on writ of certiorari as well as to this court twice on writs. Mr. Williams has yet to have his appeal considered on the merits.
A careful review of the entire record indicates the trial judge before whom the case was tried never intended to grant Mr. William's motion for new trial. Even the defendant knew the trial court intended to deny the motion for new trial as is evident from the defendant's appeal of his conviction after the new trial motion was inadvertently signed. All evidence in the record points to the fact that granting the new trial was a ministerial error. From the initial discovery that the motion for new trial had been inadvertently signed, the trial judge attempted to correct the error so that the record would accurately reflect what had been intended. Both parties believed that once the trial court first corrected the error by order dated March 19, 1998, which denied the motion for new trial, the appeal should be considered. Following the ruling by the trial court denying the motion for new trial on June 19, 1998, this court denied the writ filed by the state as moot. We did so because we believed the trial court acted properly in correcting a ministerial error.
The trial judge admitted that she committed a ministerial error when she signed the ex parte order without deleting the granting language included in the order. This matter does not involve a situation in which the trial judge reconsidered an original ruling and changed her decision. It was the trial judge's intent from the beginning to deny the motion. We hold a trial judge can correct an obvious ministerial error in order to have the record accurately reflect the proceedings in *48 the district court. LSA-C.Cr.P. art. 916(2). While the trial court is not authorized to reconsider the merits of a previously granted motion for new trial after a considered decision has been made, the trial court does have the authority to correct a ministerial error.
Considering the hearing conducted by the trial judge on June 19, 1998, in which the motion for new trial was denied and considering the decision by this court in ruling the writ application by the state of the same date on the original court of appeal remand was moot, we rule that the motion for new trial has been properly corrected to reflect the motion was denied.
Because of the procedural maze through which this case has traveled, an appeal on the merits has never been considered. We now order that this case be remanded to the court of appeal for consideration of the original appeal on the merits.

CONCLUSION
For the foregoing reasons, we reverse the decision of the court of appeal ordering a new trial and remand the matter to the court of appeal to consider the merits of Michael Williams' original appeal.
REVERSED AND REMANDED.
NOTES
[1] The motion for new trial simply alleged "the verdict reached herein was clearly contrary to the law and the evidence. Defendant therefore argues that he is entitled to a new trial under the provisions of the Louisiana Code of Criminal Procedure." The motion included an ex parte order granting the new trial.
[2] LSA-C.Cr.P. art. 916(2) provides, in pertinent part:

The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law and to:
. . . .
(2) Correct an error or deficiency in the record.
[3] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[4] The judge stated in pertinent part:

Let the record reflect that original sentencing was set for July the 11th for reasons that are unknown. The sentencing actually took place on July the 14th.
On the date of sentencing, Mr. Hill appeared on behalf of Mr. Williams and presented to the Court a motion for a new trial which had not been filed, and the Court asked him on the record if it had been filed, and he said "no." The clerk then indicated that she could hand-file the motion, and that was done.
On the record, the Court then took the motion under submission and proceeded to sentence Mr. Williams.
Subsequent to that, when the motion was actually executed by the Court, I failedthe motion was styled in the form of an ex parte granting of a motion for a new trial. That's correct. I failed to strike through the wording of the body of the order denying the motion for a new trial.
Subsequent to that, for whatever other reason, a minute entry was never placed into the record denying the new trial; however, Mr. Hill and his co-counsel and, I believe, Mr. Williams, were all informed by the Court that the motion for a new trial was goingwas denied, because subsequent to that, Mr. Bruce Whittaker was hired, and he perfected an appeal on behalf of Mr. Williams from the conviction entered on July 14thI mean, well, actually, on July the 3rd.
This matter went to the appellate court on appeal.
Subsequent to the perfection of the appeal, the appellate court noticed that the motion for a new trial appeared to have been granted by thein the record, in the actual physical record of the case.
The Court received a notice ofa rule to show cause from the Fifth Circuit; actually, it was directed to the State and I believe, to the Defense at that time to show cause why the appeal should not be dismissed as an order for new trial had been placed in the record.
When the Courtwhen this was brought to my attention, the Court did an amendatory order on March
(DISCUSSION OFF THE RECORD)
THE COURT:
The Court then entered an amendatory order on theit appears to beit was filed on the 19th day of March 1998, stating for the record that thethe failure for the court to physically deny the motion for a new trial was simply a mistake. And in accordance with the Code of Criminal Procedure 916.2, while the Court is divested of jurisdiction when a case is on appeal for for most proceedings that would continue post-trial, the Court may "correct an error or deficiency in the record," in accordance with this article. So, the Court felt it had authority to correct what was essentially an error. It was clearly an error; everybody knew the motion for new trial had been denied, which is evident from the fact the defendant had filed an appeal of the conviction.
Subsequent to that, the Court of Appeal dismissed the appeal, stating that a motion for a new trial had been granted by the Court and that, for whatever reason, I had no authority to reverse my previous ruling. But I was not reversing my previous ruling, I was correcting an error in the record.
So, in an abundance of caution, this Court requested that the District Attorney file a motion to reconsider [the] Defense's motion for a new trial so that we could attempt to place on the record this information and correct in a formal way, now that the appeal has been dismissed and all jurisdiction has been revested with this Court, the fact that this motion for a new trial was never granted, and, to this day, remains denied by the court....
. . . .
So, having said all of that, the Court for the record, now, the motion for new trial has been filed into the record by the District Attorney on June the 3rd, 1998, the Court set it for hearing on todaytoday, Mr. Williams is represented by counsel in the body of Ms. Katherine Guste, and the court hereby denies the motion for a new trial, as it had denied the motion for new trial, but makes a formalnow makes a formal record of the denial of the motion for a new trial.
MS. GUSTE:
Note our objection for the record.
THE COURT:
It's noted. And that I assume that the defendant will appeal.
MS. GUSTE:
Absolutely. And we'll take an appeal.