2SUSAN M. CHEHARDY, Judge.
This is a personal injury suit arising out of a January 12, 1998 automobile accident. Defendants, Mark Kost and his insurer, appeal a judgment that vacated a prior judgment in their favor and replaced it with a judgment in favor of plaintiffs, Joy Michelle Bourgeois, individually and on behalf of her minor son, Mickey G. Bourgeois, Jr., and Mickey G. Bourgeois, Sr. The issue before us is how much latitude a trial judge has in a civil case to correct an inadvertent error in a final judgment after the delay for a motion for new trial has elapsed. We find the trial court did not err in substituting the second judgment for the first, because the first judgment was signed inadvertently, did not express the court’s intentions, and the delay for appeal had not yet expired.
The case was tried before the district judge on October 24, 2001. At the conclusion of trial the judge advised counsel for both parties, “Each of you have the opportunity to submit with your post-trial mem-oranda, a proposed judgment.” |s(Emphasis added.) Plaintiffs’ post-trial memorandum was filed on October 31, 2001; defendants’ post-trial memorandum was filed on November 2, 2001.[1]
On November 6, 2001, the court signed a document titled “Defendants’ Proposed Final Judgment”, which dismissed plaintiffs’ claims.[2] The clerk of court issued notice *339 of judgment to both parties on November 29, 2001.
On January 15, 2002, the court signed a second judgment, in which it ruled in favor of plaintiffs and awarded them damages in the amount of $34,073.19. That judgment was accompanied by written Reasons for Judgment.
On January 18, 2002, the court issued an order stating it had inadvertently signed defendants’ proposed judgment. The order vacated the judgment of November 6, 2001 and replaced it with the judgment signed on January 15, 2002.
In the order of January 18, 2002 the trial judge stated:
This matter came to trial on October 24, 2001 and was taken under advisement. Counsel for plaintiffs and defendants were directed to submit post-trial memorandums, along with a proposed judgment in support of their respective positions.
On November 6, 2001, this Court inadvertently and erroneously signed a proposed judgment dismissing all claims against the defendants. That proposed judgment signed on November 6, 2001 is hereby vacated, and the Court’s final judgment and reasons are hereby attached and made a part of the record.
Defendants filed a motion for appeal from the judgment of January 15, 2002.
14On appeal, defendants contend the trial court erred when it issued the judgments of January 15, 2002 and January 18, 2002, because they substantively changed the judgment of November 6, 2001. Defendants assert that the November 6, 2001 judgment is the valid final judgment of the court.
Defendants point out that no motions for new trial or for appeal were filed in the period between signing of the November 6, 2001 and January 15, 2002 judgments. They contend the trial court had no authority to issue, on its own motion, an order vacating a judgment that had been signed over two months earlier and to replace it with another judgment. Defendants assert that an initial judgment that has not been contested either by motion for new trial or for appeal must be the valid final judgment of the court.
In opposition, plaintiffs make the following arguments: a proposed judgment signed in error is not a valid final judgment of the court; there is no merit to defendants’ argument that the appeal period had run; the judgment of January 15, 2002 is the final judgment of the court; the order vacating the proposed judgment is proper; and the proposed judgment that appellant attached as Exhibit A is not part of the record on appeal.[3]
Plaintiffs contend that defendants confused the court by not only filing their proposed final judgment separately from their post-trial memorandum, but also having the court clerk stamp the proposed judgment to indicate that all costs incurred in the matter had been paid. Plaintiffs allege the proposed judgment with the “costs paid” stamp was forwarded to the judge separately, detached from the | ¿memorandum, to which plaintiffs contend defendants’ proposed judgment should have been attached.
Plaintiffs do not deny receiving a copy of the November 6, 2001 judgment.[4] They *340 state that after the court issued the judgment and reasons for judgment of January 15, 2002, “it was called to the court’s attention that a proposed judgment had been signed.” On its own motion, in the January 18, 2002 ruling, the court set aside the November 6, 2001 judgment and replaced it with the January 15, 2002 judgment.
Plaintiffs contend that the signed Defendants’ Proposed Final Judgment is a relative nullity because defendants’ submission of their proposed final judgment to the trial judge bearing a “costs paid” stamp was an improper practice or procedure that mislead the court and operated to deprive plaintiffs of their right to have their case decided by the court and not by the inadvertent signing of a proposed judgment submitted by defendant. Plaintiffs contend a district court may set aside and vacate any order when the circumstances under which it was rendered show deprivation of legal rights of any of the litigants. Plaintiffs also assert that the court has the right to correct its own ministerial error so that the record will reflect that which had been intended.
First, we note that the record on appeal has been supplemented to include the missing documents, so there is no merit to plaintiffs’ argument that we cannot consider the November 6, 2001 judgment because it is not part of the record.
Iifln the recently-decided case of State v. Williams, 01-554 (La.5/14/02), 817 So.2d 40, our supreme court dealt with an analogous situation and ruled that a trial court had the right to correct its own ministerial error so that the record would reflect that which had been intended. In Williams, the trial court granted a motion for new trial inadvertently and in error, but set it aside after discovering the error months later. On review a panel of this Court reinstated the order granting a new trial and remanded. The supreme court reversed and held that the trial court had retained jurisdiction to rescind the order granting the motion for new trial because the signing of the order was “clearly a ministerial error.” 01-554 at page 10, 817 So.2d at 46.
The supreme court noted:
This matter does not involve a situation in which the trial judge reconsidered an original ruling and changed her decision. It was the trial judge’s intent from the beginning to deny the motion. We hold a trial judge can correct an obvious ministerial error in order to have the record accurately reflect the proceedings in the district court.
01-554 at page 12, 817 So.2d at 47-48.
In this case, the trial court made clear that the judgment of November 6, 2001 did not express the intention of the court and was signed inadvertently and in error. The time within which to appeal had not yet expired and, therefore, the judgment was not yet final. Accordingly, we conclude the reasoning of Williams applies here.
For the foregoing reasons, the judgments of January 15, 2002 and January 18, 2002 are affirmed. The parties are assessed their own costs for this appeal.

AFFIRMED.

CANNELLA, J., concurs.

. Although the post-trial memoranda are included in the record on appeal, neither of the proposed judgments appears in the record in conjunction with the post-trial memoranda.

. The judgment that was signed on November 6, 2001 bears the title "Defendants' Proposed Final Judgment." It did not appear in the original appellate record, but was attached to defendants’ brief. This Court ordered the record supplemented; the supplemental record was lodged and contains both the November 6, 2001 judgment and the notices of appeal for that judgment.

. See n. 2, supra.

. Upon questioning by members of this Court during oral argument, plaintiffs' counsel explained he did not file a motion for new trial because he thought the November 6, 2001 judgment was the court’s ruling and a motion for new trial would be fruitless. He pointed out that plaintiffs had until February 8, 2002 to appeal and stated that an appeal was being *340 contemplated. Similarly, we note, defense counsel did not file a motion for new trial following the January 2002 judgments, but rather filed only an appeal.