1CANNELLA, J.,
concurring.
I agree with the. result in this case, because State v. Williams, 01-0544, 01-0667 (La.5/14/02), 817 So.2d 40 is the latest pronouncement by the Louisiana Supreme Court on this issue. However, a long line *341 of cases hold to the contrary when the change is substantive. The proper procedure for correcting substantive mistakes in a judgment is a motion for new trial, or in certain cases, an action for nullity. The type of changes in both Williams and this case are substantive and, under prior law, the trial judge would have been precluded from changing these judgments, regardless of his mistake on these substantive issues. The distinction made by the Supreme Court in Williams is understandable because the parties knew of the trial judge’s intent. However, La.C.C.P. art. 1951 does not provide for substantive mistakes of the trial judge’s intent because, after taking the motion for new trial under submission, she immediately sentenced the defendant. Thus, the decision in Williams creates uncertainty in the law that the Supreme Court should address at it first opportunity.