995 So.2d 38 (2008)
STATE of Louisiana
v.
David PATTERSON.
No. 2008 KA 0416.
Court of Appeal of Louisiana, First Circuit.
September 26, 2008.
Doug Moreau, District Attorney, Charles E. Grey, Jr., Asst. District Attorney, *39 Baton Rouge, LA, for State of Louisiana.
Steve LeBlanc, Baton Rouge, LA, for Defendant-Appellant, David Patterson.
Before PETTIGREW, McDONALD, and HUGHES, JJ.
PETTIGREW, J.
The defendant, David Patterson, was charged by bill of information with four counts of simple burglary, violations of La. R.S. 14:62. He pled not guilty and, following a trial by jury, was found guilty as charged. On March 3, 2006, the defendant filed a motion for new trial that was granted on May 9, 2006. On May 10, 2006, the trial court vacated its ruling granting the defendant's motion for new trial. On May 24, 2006, the trial court denied the defendant's motion for new trial. Subsequently, the trial court sentenced the defendant. For his convictions on counts one, two, and four, the defendant was sentenced to seven years at hard labor. For his conviction on count three, the defendant was sentenced to ten years at hard labor. The sentences were ordered to be served consecutively to each other. The defendant appeals urging two assignments of error. We affirm the convictions and sentences.

FACTS
Between April 1, 2005 and April 4, 2005, the defendant committed four burglaries at the University Village Condominiums, on Nicholson Drive, in Baton Rouge. Four condominiums were broken into; refrigerators, microwaves, washing machines, and dryers were taken from said units. The complex was under construction at the time, and the condominiums were uninhabited. Subsequent investigation revealed the presence of defendant's fingerprints in the condominiums. According to James Meyers, the supervisor of the condominium complex, the defendant did not have permission to enter any of the rooms at the complex. Following his arrest, the defendant denied knowing anything about the crimes and could not explain how his fingerprints were at the crime scene. The defendant later told a police officer that he sometimes went to the area to hunt and fish.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, the defendant contends that the trial court erred in reconsidering the merits of a previously granted motion for new trial. In his brief to this court, the defendant states that he was present in court on October 11, 2005, when his case was set for a pretrial hearing on November 17, 2005, and assigned a trial date of November 28, 2005. The defendant claims that he was not present when defense counsel agreed to move up his trial date to November 7, 2005. Defendant complains that when he was brought to court on November 7, 2005, he was not aware that he was scheduled for trial. After his conviction, the defendant retained new counsel for the purpose of filing a motion for new trial and to challenge his convictions. The defendant contends that at a motion hearing on April 25, 2006, the trial court advised the state that it would grant the defendant a new trial if the defendant's trial counsel testified that counsel did not notify the defendant of the new trial date. The matter was continued until May 9, 2006, at which time the defendant's trial counsel testified at the hearing that he did not communicate the change in the trial date to the defendant. The trial court concluded the defendant had the right to know his trial date so he could participate in his own defense. The trial court then granted the motion for new trial.
*40 According to the defendant, the trial court attempted to reconsider its ruling on the motion for new trial. The defendant, citing State v. Williams, XXXX-XXXX (La.5/14/02), 817 So.2d 40, argues that the trial court was not authorized to reconsider the merits of a previously granted motion for new trial after a decision had been made. Thus, the defendant contends that because his convictions are still considered to be vacated based on the trial court's granting of his motion for new trial on May 9, 2006, there are no other issues to explore regarding the trial on the merits.
It is noted that this similar issue was reviewed in a writ application filed with this Court. In State v. Patterson, 2007-2610 (La.App. 1 Cir. 5/27/08), the defendant sought review of the denial of his motion to quash his prosecution, as he claimed the time limits for retrying him had expired based on the date the trial court granted the motion for new trial and the fact that the defendant had not been retried. In an unpublished decision, this court denied the writ application. Although a pretrial determination does not absolutely preclude a different decision on appeal, judicial efficiency demands that this court accord great deference to its pretrial decisions unless it is apparent, in light of a subsequent trial record, that the determination was patently erroneous and produced an unjust result. See State v. Humphrey, 412 So.2d 507, 523 (La.1982) (on rehearing).
Nonetheless, in the instant case, although making the same claims, the defendant does not seek review of the denial of his motion to quash, but instead seeks review of the denial of his motion for new trial after it was initially granted by the trial court.
According to the transcript of the April 24, 2006 hearing on the motion for new trial, the defendant testified that he initially was represented by John Russell, but when he appeared for trial on November 7, he learned that he was being represented by Jodi Edmonds of the Public Defender's Office. The defendant stated that he learned at that time that Russell was no longer working in the Public Defender's Office. The defendant complained that he did not meet with Edmonds prior to trial. The defendant claimed that he had alibi witnesses that he could have called to testify at his trial, but that he was unable to do so. The defendant stated that Edmonds did not put on a defense and when he mentioned the alibi witnesses to her, she advised him that it was too late to put out subpoenas for witnesses. The defendant contended that had trial counsel called his alibi witnesses, it would have made a difference in his trial.
On cross-examination, the defendant claimed that he had spoken to Russell only three times prior to his trial. The defendant claimed that he did not ask his alibi witnesses to testify at trial on his behalf because he had no notice that his trial was beginning. The defendant also indicated that he spoke to Russell regarding Edmonds's qualifications. The defendant testified that he did not receive any notification that his trial date had been moved. He stated that after he rejected a plea deal, his attorney indicated that they were ready for trial. He then requested a continuance because he was not prepared.
The trial court then stated at the hearing that it was going to continue the hearing and issue a subpoena for Russell. The court set forth that if Russell testified that no one advised the defendant of the new trial date, the court was going to grant the motion for new trial.
At the May 9, 2006 continuation of the motion for new trial hearing, Russell testified that he was present in court on September *41 13, 2005 and September 15, 2005 with the defendant. Russell also was present with the defendant in court on October 11, 2005, when the pretrial/status conference was set for November 17, 2005, and trial was scheduled for November 28, 2005. Russell testified that he could not say definitively that he contacted the defendant regarding the change in his trial date. Russell also testified that the defendant urged him to go to trial from the very beginning. Russell stated that he did not have an objection to moving up the trial date, particularly since the defendant was pushing for the trial to go forward.
In its ruling granting the motion for new trial, the trial court stated that the trial date had been moved and the defendant had not been informed about the change in the date. The trial court acknowledged the defendant's right to participate in his own defense. The court stated that it was concerned that the defendant arrived at the courthouse without knowing that he was going to trial.
However, according to the minute entries, on May 10, 2006, the trial court vacated its May 9, 2006 ruling in order to review the transcript of the defendant's trial, to determine whether the defendant was aware of the change in the trial date and if he informed defense counsel that he was ready to move forward with the trial. The court ordered the matter continued until May 24, 2006.
At the May 24, 2006 hearing, the trial court indicated that it reviewed the trial transcript. The court set forth that the defendant had numerous opportunities to inform the court that he was not ready for trial, but failed to do so. The court noted that the defendant never indicated that he did not have the witnesses that he needed for trial. The court set forth that the defendant stated that if his attorney was ready for trial, then he was ready also.
According to the November 7, 2006 trial transcript, the defendant did state that he heard the state's plea offer of eight years and he told his attorney that he was ready to go to trial. The defendant then stated, "That's her offer, that's fine. Well go to trial." The defendant did assert that the matter was supposed to go to trial on November 28, 2006. The prosecutor responded that she and defense counsel had agreed to move up the trial date. The trial court informed the defendant that his attorney was prepared and ready to go. The defendant then told counsel that he was not prepared for trial because he was under the impression that he had more time. The defendant indicated that he had not had contact with counsel and had just received the file on his case. The court noted that the defendant was not representing himself. However, the court stated that if defense counsel indicated that she was not ready for trial, then the court would consider delaying the trial. Defense counsel indicated that she was ready for trial and that previous counsel had several meetings with the defendant, including several meetings the morning of trial. The matter was recessed for approximately thirty minutes. There was some discussion regarding jury selection and then the court stated, "So we're ready to go forward with trial  with selection of a jury, Mr. Patterson?" The defendant responded, "If my attorney is, I am."

DISCUSSION
The defendant cites State v. Williams, XXXX-XXXX (La.5/14/02), 817 So.2d 40, and State v. Benoit, 492 So.2d 60 (La.App. 1 Cir.1986), to support his claims. In Benoit, the defendant was convicted of forcible rape, and he filed a motion for new trial. At the hearing on the motion, the court stated that it would grant the motion pursuant to an agreement that the bill be *42 amended to a lesser charge. The state agreed and at the same hearing, the defendant withdrew his former plea of not guilty and entered a plea of guilty to the charge of sexual battery. The trial court then began to boykinize the defendant; however, the Boykin examination was stopped by the trial court when the defendant refused to admit his guilt. The trial court refused to accept the defendant's guilty plea. Subsequently, the defendant was sentenced on the charge of forcible rape. On appeal, this court, citing State v. Bullock, 263 La. 946, 269 So.2d 824 (1972), stated that the trial court could refuse to accept the defendant's guilty plea, but could not rescind the order that granted a new trial, which had the effect of setting aside his previous conviction of forcible rape.
In Bullock, the defendant was convicted of murder and sentenced to death in 1967. In 1971, the trial court granted the defendant's writ of habeas corpus and ordered a new trial, thus, setting aside the conviction and sentence. The state did not seek review of the ruling. The defendant's case was set for a new trial in 1972. Because of a ruling by the United States Supreme Court, which stated that the proper disposition where a capital penalty had been imposed was to impose a life sentence instead of granting a new trial, the defense counsel moved for a continuance. However, the trial court, sua sponte, set aside the previously granted motion for new trial and sentenced the defendant to life imprisonment. In Bullock, 269 So.2d at 825, the court stated that in the absence of a timely application for review, the trial court's ruling initially granting a motion for new trial became final and could not be reversed by the trial court.
In State v. Williams, XXXX-XXXX at pp. 8-10, 817 So.2d at 45-46, the supreme court distinguished Benoit and Bullock and stated that the judge in the Williams case inadvertently granted the motion for new trial and attempted to remedy the mistaken ruling upon learning that the order granting the motion had been signed. The trial court issued a subsequent order denying the motion for new trial. The supreme court stated that the initial signing of the order granting the motion for new trial was a ministerial error. The supreme court noted that this did not involve a situation wherein the judge reconsidered an original ruling and changed her decision. The supreme court did state that a trial court is not authorized to reconsider the merits of a previously granted motion for new trial after a considered decision has been made, but the trial court does have the authority to correct a ministerial error. Williams, XXXX-XXXX at p. 12, 817 So.2d at 48. The Williams court also set forth Bullock, and noted that it held that in the absence of a timely application for supervisory review, the order granting a new trial became final and was no longer subject to revision or reversal by the trial court that rendered it. Williams, XXXX-XXXX at p. 8, 817 So.2d at 45.
In State v. Short, 94-0233, p. 8 (La.App. 4 Cir. 5/16/95), 655 So.2d 790, 794, writ denied, 95-1520 (La.11/17/95), 663 So.2d 719, the fourth circuit, citing Benoit, stated that once an order granting a motion for new trial has become final, the trial court is without authority to rescind the order and impose sentence on the original conviction.
In the instant case, while the trial court's ruling granting a motion for new trial was not a ministerial error, the ruling did not become final before the trial court vacated the ruling. The day after the trial court granted the motion for new trial, the trial court vacated its ruling on the motion and, subsequently, denied the motion. *43 Neither the state nor the defendant sought review of the court's rulings. The state indicated it was going to seek writs on the court's granting of the motion for new trial and was given a return date of June 9, 2006. Because the trial court rescinded its ruling, there was no need for the state to file its writ application. The defendant did not seek review of the subsequent order denying the motion for new trial. Also, the trial court retained jurisdiction in the case as the defendant had not yet been sentenced and no appeal had been filed. See La.Code Crim. P. art. 916. Additionally, in vacating its ruling on the motion for new trial, the court indicated that it wanted to review the trial transcript in order to determine if the defendant was prejudiced by counsels' decision to move the trial date. At the subsequent hearing, the trial court stated that it had reviewed the trial transcript and although the defendant had numerous opportunities to inform the court that he was not ready for trial, he failed to do so. Considering the above, we find that the trial court did not err in the instant case in vacating its order to grant the motion for new trial and in subsequently denying the motion. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
In his second assignment of error, the defendant contends that because his convictions had been vacated by the trial court's ruling on May 9, 2006, wherein the court granted the defendant's motion for new trial, there can be no sentences. The defendant sets forth that a valid sentence must rest upon a valid verdict. Thus, the defendant, citing State v. Benoit, 492 So.2d 60 (La.App. 1 Cir.1986), contends that the sentences in his case should be vacated.
Because there is no merit to the defendant's claim that the trial court erred in vacating his motion for new trial, there is similarly no merit to defendant's claim that his sentences are not valid. This assignment of error also lacks merit.
CONVICTIONS AND SENTENCES AFFIRMED.