JUSTIN TAYLOR

VERSUS

TIMOTHY HOOPER, WARDEN LSP

NO. 23-KH-97

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

March 24, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** JUSTIN TAYLOR

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE STEPHEN D. ENRIGHT, JR., DIVISION "N", NUMBER 03-1041

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and John J. Molaison, Jr.

**WRIT GRANTED FOR A LIMITED PURPOSE;
RELIEF DENIED; REMANDED**

On August 8, 2002, the Jefferson Parish District Attorney filed a bill of information charging relator-defendant, Justin Taylor, with nine counts of armed robbery (counts one through nine), in violation of La. R.S. 14:64, and one count of conspiracy to commit armed robbery (count ten), in violation of La. R.S. 14:26 and 14:64. Relator pled not guilty. On September 16, 2003, relator proceeded to trial on counts eight, nine, and ten.[1] After a three-day jury trial, a unanimous twelve-person jury found relator guilty as charged on all three counts. The trial court sentenced relator to 60 years imprisonment for each armed robbery conviction (counts eight and nine) and 40 years imprisonment for the conspiracy to commit armed robbery conviction (count ten), which were ordered to run concurrently with each other. This Court, on appeal, affirmed relator's convictions and sentences and the Louisiana Supreme Court denied relator's writ. *State v. Taylor*, 04-1389 (La. App. 5 Cir. 5/31/05), 905 So.2d 451, 453, *writ denied sub nom. State ex rel. Taylor v. State*, 05-2203 (La. 5/26/06), 930 So.2d 12.

On January 10, 2023, relator filed a "Motion to Correct Illegal Sentence" challenging the excessiveness of his sentence based on the evidence presented at trial. He further filed on that same date a "Petition for Declaratory Judgment" challenging the constitutionality of La. C.Cr.P. art. 381 and contending that the State of Louisiana lacks authority to prosecute him for his alleged crimes. On January 30, 2023, the trial judge found that despite the caption of relator's pleadings, relator sought post-conviction relief. The trial judge denied relator's

---

[1] On December 17, 2003, the State nolle prossed counts one through seven.

23-KH-97

applications for post-conviction relief, finding relator's applications to be repetitive and procedurally time-barred under La. C.Cr.P. art. 930.8.

Relator seeks review of the trial court's January 30, 2023 judgment denying his "Motion to Correct Illegal Sentence" and "Petition for Declaratory Judgment." First, La. C.Cr.P. art. 882(A) states, "[a]n illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." In his application to this Court, relator fails to point to an illegal term in his sentence and has thus failed to raise a claim cognizable in a motion to correct an illegal sentence. *State v. Parker*, 98-256 (La. 5/8/98), 711 So.2d 694, 695. Rather, relator's motion is appropriately considered as an application for post-conviction relief. Further, relator's pleading seeking declaratory relief is also "a petition filed by a person in custody after sentence…seeking to have the conviction and sentence set aside" based on a newly asserted constitutional challenge to La. C.Cr.P. art. 381. Therefore, we find the trial court correctly considered relator's pleadings as applications for post-conviction relief. Consequently, the prescriptive period set forth in La. C.Cr.P. art. 930.8 applies.

La. C.Cr.P. art. 930.8 provides that no application for post-conviction relief shall be considered if it is filed more than two years after defendant's conviction and sentence become final under the provisions of La. C.Cr.P. arts. 914[2] and 922,[3] unless certain enumerated exceptions apply. Relator filed his application for post-conviction relief on January 10, 2023, more than sixteen years after the finality of his conviction as contemplated under La. C.Cr.P. art. 922(D) by the Louisiana Supreme Court's denial of his writ application. Therefore, relator's applications for post-conviction relief are procedurally time-barred under La. C.Cr.P. art. 930.8.[4] Accordingly, we deny the relief requested.

However, in considering this writ application and the attachments thereto, we find that the trial judge incorrectly referenced district court case number 03-1041, a case number in connection with relator's second-degree murder conviction, rather than district court case number 02-3671, the district court case number in connection with relator's armed robbery convictions and wherein the post-conviction pleadings at issue were filed. The trial court is authorized to correct an error or deficiency in the record. La. C.Cr.P. art. 916(2); *State v. Williams*, 01-0554 (La. 5/14/02), 817 So.2d 40, 44. We therefore grant this writ for the limited purpose to remand this matter to the district court. The trial court is ordered to correct the January 30, 2023 judgment to reflect the proper district court case number, 02-3671, and the Clerk of Court for the 24th Judicial District Court is

---

[2] La. C.Cr.P. art. 914 provides:
A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
[3] La. C.Cr.P. art. 922, titled "Finality of Judgment on Appeal," provides:
A. Within fourteen days of rendition of the judgment of the supreme court or any appellate court, in term time or out, a party may apply to the appropriate court for a rehearing. The court may act upon the application at any time.
B. A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.
C. If an application for a rehearing has been made timely, a judgment of the appellate court becomes final when the application is denied.
D. If an application for a writ of review is timely filed with the supreme court, the judgment of the appellate court from which the writ of review is sought becomes final when the supreme court denies the writ.
[4] We further find that relator's APCR seeking to correct his alleged illegal sentence is procedurally barred as repetitive under La. C.Cr.P. art. 930.4. Relator raised identical issues in a formal writ application to this court in *State v. Taylor*, 11-785 (La. App. 5 Cir. 8/23/11) (unpublished writ disposition).

ordered to properly file the amended judgment in district court case number 02-3671.  In all other respects, this writ is denied.

Gretna, Louisiana, this 24th day of March, 2023.

**FHW**
**MEJ**
**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **03/24/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-KH-97**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Stephen D. Enright, Jr. (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Justin Taylor #475424 (Relator)
Louisiana State Penitentiary
Angola, LA 70712